## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TELEBRANDS CORP., | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) |
| MOPNADO, | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## COMPLAINT

Plaintiff Telebrands Corp. ("Telebrands"), for its Complaint against Defendant Mopnado ("Mopnado"), alleges as follows:

### THE PARTIES

1. Plaintiff Telebrands is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 79 Two Bridges Road, Fairfield, New Jersey 07004.

2. Upon information and belief, defendant Mopnado has a principal place of business at 12101 Clark Street, Unit D, Arcadia, California 91006. Upon information and belief, Mopnado is doing business throughout the United States and within the State of New Jersey, and within this Judicial District.

### NATURE OF CLAIMS, JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States (35 U.S.C. §1 *et seq*.), the Trademark and Unfair Competition Laws of the United States (15 U.S.C. § 1051 *et*

*seq.*), and the statutory and common law of the State of New Jersey (N.J.S.A. 56:4-1 *et seq.*).

4. Jurisdiction of this Court is founded upon 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a)(1) and 1338(a) and (b), and the supplemental jurisdiction of this Court under 28 U.S.C. § 1367. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

5. Venue is proper within this Judicial District under 28 U.S.C. Sections 1391(b) and (c), and 1400(b).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6. Telebrands is a direct marketing company and, since 1987, has been engaged in the business of marketing and selling a wide variety of consumer products in this Judicial District and elsewhere, principally through direct response advertising and through national retail stores.

7. Telebrands markets and sells mop products under the trademarks HURRICANE®, SPIN MOP™ and/or TWIN SPIN™ (collectively, "the HURRICANE Products").

8. Telebrands has sold the HURRICANE Products since at least as early as 2012. The HURRICANE Products have been successful. Telebrands sells the HURRICANE Products through direct response channels to the general consuming public throughout the United States and within this Judicial District. Telebrands also sells the HURRICANE Products to consumers through major retailers throughout the United States and within this Judicial District.

9. Telebrands has exclusive rights to U.S. Patent No. 8,291,544, entitled "Mop with the Function of Dewatering the Yarns by Twisting in a Single Direction via an Up-and-Down Linear Motion," which issued October 23, 2012 ("the '544 patent"). Telebrands' exclusive

2

rights include, *inter alia,* the exclusive right to exclude the defendant in the United States. A copy of the '544 patent is attached as Exhibit A.

10. Telebrands has exclusive rights to U.S. Patent No. 8,132,287, entitled "Cleaning Device with Cleaning Means and a Frame Body," which issued March 13, 2012 ("the '287 patent"). Telebrands exclusive rights include, *inter alia*, the exclusive right to exclude the defendant in the United States. A copy of the '287 patent is attached as Exhibit B.

11. Telebrands is the owner of U.S. Trademark Registration No. 3,838,929 for the mark HURRICANE, which issued August 24, 2010 ("the HURRICANE Trademark"). A copy of the registration certificate is attached hereto as Exhibit C. The trademark registration is valid and subsisting.

12. Telebrands is the owner of U.S. Trademark Application Serial No. 86/223,494, filed March 17, 2014, for the mark SPIN MOP for mops, and all common law rights appurtenant thereto ("the SPIN MOP Trademark").

13. The SPIN MOP Trademark was adopted to indicate the source of the HURRICANE Products. The mark is non-functional, fanciful, distinctive and well-recognized as and represents the source of Telebrands' product sold in association therewith and a substantial goodwill of Telebrands throughout the United States, including the State of New Jersey.

14. The SPIN MOP Trademark has acquired secondary meaning.

15. Telebrands' advertising and promotion highlights the SPIN MOP Trademark.

16. As a result of its long and substantially exclusive use, substantial sales and extensive advertising and promotional activities in connection with Telebrands' HURRICANE Products, the SPIN MOP Trademark has become well-known and widely recognized as indicating the source or origin of Telebrands' product.

**Defendant's Acts Of Infringement**

17. On information and belief, Mopnado markets and sells a mop product under the name MOPNADO – WALKABLE DELUXE SPIN MOP ("the MOPNADO product") throughout the United States and within this Judicial District.

18. The MOPNADO product is competitive with Telebrands' HURRICANE Products and, on information and belief, is sold to consumers through the Internet. Mopnado is a direct competitor of Telebrands in the market for mops.

19. The MOPNADO product infringes at least one claim of each of the '544 patent and the '287 patent.

20. On information and belief, Mopnado has had notice of the '544 patent and the '287 patent.

21. Mopnado markets and sells the MOPNADO product throughout the United States, including the State of New Jersey, on the Internet at the URL www.mopnado.com ("the MOPNADO website"), which provides a link that consumers click to purchase the MOPNADO product.

22. The visible title of the MOPNADO website is "Spin Mop by Mopnado The Best 360 Hurricane Magic Spin Mop you can buy." An image showing the MOPNADO website is attached as Exhibit D.

23. In its MOPNADO website, Mopnado describes its MOPNADO product as "a new brand of Deluxe Spin Mop as seen on tv microfiber HURRICANE 360 Mop . . ." The MOPNADO product is not a new brand or new version of Telebrands' HURRICANE products and is not in any way connected or affiliated with Telebrands.

24.     The MOPNADO website claims that the MOPNADO product has a "Patented Handle Driven Spin Drive."  An image showing Mopnado's statement is attached as Exhibit E.  On information and belief, Mopnado claims to hold a license under U.S. Patent No. 8,316,502 ("the '502 patent").  The image depicted in Mopnado's patent statement is not in the '502 patent.

25.     The MOPNADO website compares the MOPNADO product to "As Seen on TV" mop products.  An image showing the comparison is attached as Exhibit D.  On information and belief, by this comparison the MOPNADO website falsely compares the MOPNADO product to Telebrands' HURRICANE products, which are advertised on TV.

26.     In its MOPNADO website, Mopnado includes a page entitled "EVERYTHING YOU NEED TO KNOW[;] What Makes the Mopnado so much better than any other mop on the market?"  A user who clicks on that link is directed to a page (www.mopnado.com/pages/the-difference), where Mopnado identifies the following as a difference between Mopnado and Telebrands: "The Built in Rinse Agitator."  A print out of the page is attached as Exhibit E.

27.     Telebrands sells HURRICANE products that include an agitator.

28.     On information and belief, the MOPNADO product is not covered by any claim of the '502 patent.

29.     On information and belief, Mopnado's use of the HURRICANE Trademarks and the SPIN MOP Trademark is deliberate and intentional with full knowledge of Telebrands' rights.

30.     Mopnado's use of the HURRICANE Trademark and the SPIN MOP Trademark was and is without Telebrands' authorization and consent.

31.     By adopting and using the HURRICANE Trademark and the SPIN MOP Trademark, and by trading on Telebrands' valuable goodwill, Mopnado has caused and is likely

to cause confusion, mistake and deception of purchasers and potential purchasers as to the source or origin of the MOPNADO product and as to the existence of an association, connection, or relationship between Mopnado and Telebrands.

32. By falsely comparing the MOPNADO product to the HURRICANE products, Mopnado has misrepresented the nature, characteristics and qualities of the MOPNADO product and the HURRICANE products.

33. Mopnado's acts as recited herein have been undertaken in bad faith so as to compete unfairly with Telebrands.

34. Mopnado's actions have damaged and are likely to damage the reputation and goodwill of Telebrands.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 8,291,544

35. Telebrands repeats and realleges the allegations set forth in paragraphs 1-34 above, as though fully set forth herein.

36. This cause of action arises under Section 35 of the Patent Laws of the United States, 35 U.S.C. § 271.

37. The '544 patent is valid and enforceable.

38. By the acts alleged above, Mopnado has made, used, offered to sell, sold and/or imported into the United States, and on information and belief, still is making, using, offering to sell, selling, and/or importing into the United States, products that infringe directly or indirectly through contributory and/or induced infringement, at least one claim of the '544 patent, without Telebrands' authorization or consent.

39. On information and belief, Mopnado's infringement has been willful, making this an exceptional case.

40. Mopnado will, on information and belief, continue to infringe upon Telebrands' rights under § 271 of the Patent Act, unless and until it is enjoined by this Court. Telebrands has been and is likely to continue to be irreparably injured unless Mopnado is enjoined. Telebrands has no adequate remedy at law.

**COUNT TWO**
**INFRINGEMENT OF U.S. PATENT NO. 8,132,287**

41. Telebrands repeats and realleges the allegations set forth in paragraphs 1-40 above, as though fully set forth herein.

42. This cause of action arises under Section 35 of the Patent Laws of the United States, 35 U.S.C. § 271.

43. The '287 patent is valid and enforceable.

44. By the acts alleged above, Mopnado has made, used, offered to sell, sold and/or imported into the United States, and on information and belief, still is making, using, offering to sell, selling, and/or importing into the United States, products that infringe directly or indirectly through contributory and/or induced infringement, at least one claim of the '287 patent, without Telebrands' authorization or consent.

45. On information and belief, Mopnado's infringement has been willful, making this an exceptional case.

46. Mopnado will, on information and belief, continue to infringe upon Telebrands' rights under § 271 of the Patent Act, unless and until it is enjoined by this Court. Telebrands has

been and is likely to continue to be irreparably injured unless Mopnado is enjoined. Telebrands has no adequate remedy at law.

## COUNT THREE
## TRADEMARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT
## (U.S. TRADEMARK REGISTRATION NO. 3,838,929)

47. Telebrands repeats and realleges the allegations set forth in paragraphs 1-46 above, as though fully set forth herein.

48. This cause of action for trademark infringement arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and is for infringement of a trademark registered by Telebrands in the United States Patent and Trademark Office as U.S. Registration No. 3,838,929.

49. The unauthorized use of Telebrands' federally registered trademark is likely to cause confusion, mistake or deception in that actual and potential customers are likely to believe that Mopnado's goods are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or emanate from Telebrands, and Mopnado's acts constitute trademark infringement.

50. Mopnado will continue its infringing acts unless enjoined by this Court. Telebrands has no adequate remedy at law.

## COUNT FOUR
## VIOLATION OF SECTION 43(A) OF THE LANHAM ACT

51. Telebrands repeats and realleges the allegations set forth in paragraphs 1-50 above, as though fully set forth herein.

52. This cause of action for false advertising and false designation or origin arises under

§ 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53. The representations made by Mopnado in its advertising in interstate commerce, including the "Patented Handle Driven Spin Drive" as set forth above, falsely and misleadingly describe the nature, characteristics, qualities and/or origin of Mopnado's product.

54. The representations made by Mopnado in its comparative advertising in interstate commerce including the comparison of the MOPNADO product to the HURRICANE products, as set forth above, falsely and misleadingly describes the nature, characteristics, and qualities of the MOPNADO product and Telebrands' HURRICANE products.

55. The misrepresentations made by Mopnado that its MOPNADO product is a "new brand" of Telebrands' HURRICANE products are false and misleading, and falsely designate the origin of Mopnado's product.

56. These statements are material, false and will induce purchasers to purchase Mopnado's product.

57. Mopnado's false advertising has a tendency to deceive a substantial segment of its intended audience into mistakenly believing that its product possesses qualities which it lacks, and/or falsely designates the origin of its product. On information and belief, purchasers have been and will continue to be induced thereby to purchase Mopnado's products.

58. Mopnado's unauthorized use in commerce of the MOPNADO website bearing the unregistered SPIN MOP Trademark, or a counterfeit, copy or colorable imitation thereof, is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of Mopnado's product by Telebrands, and violates Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

59. Mopnado's unauthorized distribution and sale in commerce of goods bearing the

HURRICANE Trademark and/or the SPIN MOP Trademark, or a counterfeit, copy or colorable imitation thereof, falsely designates the origin of Mopnado's goods and is likely to cause confusion, mistake or deception about the origin, sponsorship or approval of Mopnado's goods.

60. By using the HURRICANE Trademark and/or the SPIN MOP Trademark, or a counterfeit, copy or colorable imitation thereof, Mopnado has falsely and misleadingly described and suggested that the products it is selling and offering for sale emanate from, or are associated with Telebrands or its products.

61. As a result of Mopnado's false and misleading promotion and advertising and false designation of origin, Telebrands has been and is likely to continue to be injured by diversion of customers from Telebrands to Mopnado and by the lessening of the goodwill Telebrands' products enjoy with the buying public unless Mopnado is enjoined. Mopnado will, on information and belief, continue to infringe upon Telebrands' rights under §43(a) of the Lanham Act unless and until it is enjoined by this Court. Telebrands has no adequate remedy at law.

**COUNT FIVE**
**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

62. Telebrands repeats and realleges the allegations set forth in paragraphs 1-61 above as though fully set forth herein.

63. This cause of action arises under New Jersey common law.

64. Mopnado, by its acts, has unfairly competed with Telebrands and has infringed Telebrands' common law rights in the HURRICANE Trademark and/or the SPIN MOP

Trademark in violation of the common law of the State of New Jersey. As a result of Mopnado's acts, purchasers are likely to be confused, mistaken or deceived as to the origin, sponsorship, affiliation or approval of Mopnado's products by Telebrands.

65. Telebrands has been and is being damaged by such acts, and damage will continue unless Mopnado's acts are enjoined by this Court. Telebrands has no adequate remedy at law.

## COUNT SIX
## UNFAIR COMPETITION UNDER N.J.S.A 56:4-1 *et seq.*

66. Telebrands repeats and realleges the allegations set forth in paragraphs 1-65 above as though fully set forth herein.

67. This cause of action arises under N.J.S.A. § 56:4-1 *et seq*.

68. Mopnado's unauthorized use in commerce of the MOPNADO website bearing the HURRICANE Trademark and/or the SPIN MOP Trademark, is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of Mopnado's products by Telebrands.

69. Mopnado's unauthorized use in commerce of the MOPNADO website falsely designates the origin of Mopnado's product and is likely to cause confusion, mistake or deception about the origin of Mopnado's goods.

70. By using such copy of the HURRICANE Trademark and/or the SPIN MOP Trademark, Mopnado has falsely and misleadingly described and suggested that the products that it is selling and offering for sale emanate from or are sponsored or approved by Telebrands.

71. The foregoing acts of Mopnado constitute unfair competition in violation of N.J.S.A. § 56:4-1.

72. Mopnado's statutory violations and other wrongful acts have injured and threaten to continue to injure Telebrands, including loss of customers, dilution of goodwill, confusion of existing and potential customers and injury to its reputation.

73. Telebrands has been and is being damaged by such acts and damage will continue unless Mopnado's acts are enjoined. Telebrands has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Telebrands demands judgment as follows:

a. Entering judgment in Telebrands' favor and against Mopnado on all claims and counterclaims;

b. Adjudging and decreeing that Mopnado has unlawfully infringed, contributorily infringed and/or induced infringement of the '544 patent and the '287 patent, infringed Telebrands' trademark rights, engaged in false advertising, falsely designated the origin of its products and unfairly competed with Telebrands;

c. Preliminarily and permanently enjoining Mopnado, its agents, factories, servants, employees and attorneys and all those acting in concert or participation with them from:

    1. importing, distributing, advertising, promoting, selling, or offering for sale the MOPNADO product and any other rotating mop product that falls within the scope of any of the patents;

    2. infringing the '544 patent and the '287 patent;

    3. falsely representing or suggesting that the product Mopnado sells or offers for sale is authorized by or emanates from Telebrands, is "Patented," falsely representing or suggesting the nature, characteristics, or qualities of the

       MOPNADO product, or falsely advertising, representing or suggesting any connection with Telebrands;

   4. falsely comparing any of its products to any of Telebrands' products;

   5. using the HURRICANE Trademark or the SPIN MOP Trademark in its website or any other advertising or promotional material or otherwise infringing those trademarks; and

   6. otherwise unfairly competing with Telebrands in any manner;

  d. Requiring Mopnado to pay Telebrands any damages Telebrands has suffered arising out of and/or as a result of Mopnado's patent infringement, including Telebrands' lost profits, Mopnado's profits and/or reasonable royalties for Mopnado's patent infringement, and any other relief provided for in 35 U.S.C. § 284;

  e. Requiring Mopnado to pay its profits to Telebrands, any damages sustained by Telebrands as a result of its acts, and Telebrands' costs for the action, pursuant to 15 U.S.C. § 1117(a) and/or N.J.S.A. 56:4-1 *et seq.* and/or any other damages recoverable under any other statute or law alleged in this Complaint;

  f. Awarding Telebrands its reasonable attorneys' fees because of the exceptional nature of this case, pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117(a) and/or N.J.S.A. 56:4-1 *et seq.* and/or any other statute alleged in this Complaint;

  g. Requiring Mopnado to pay to Telebrands treble damages due to the exceptional circumstances of this case, pursuant to 15 U.S.C. § 1117(a) and/or N.J.S.A. 56:4-1 *et seq.* and/or any other statute alleged in this Complaint; and

  h. Granting such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues and claims so triable.

Respectfully submitted,

December 22, 2014            By *Liza M. Walsh*
Liza M. Walsh
Hector Daniel Ruiz
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, NJ 07068
Tel.: (973) 535-0500
Fax: (973) 535-9217
lwalsh@connellfoley.com
hruiz@connellfoley.com

Tonia A. Sayour
Jeffrey L. Snow
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525
jsnow@cooperdunham.com
tsayour@cooperdunham.com

*Attorneys for Plaintiff
Telebrands Corp.*

Peter D. Murray (to be admitted *pro hac vice*)
Robert T. Maldonado (to be admitted *pro hac vice*)
Elana Araj (to be admitted *pro hac vice*)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, Telebrands, through its attorneys, certifies that the matter in controversy between Telebrands and Mopnado is also the subject of the following matters pending in this District before the Honorable Jose L. Linares, U.S.D.J.: *Telebrands v. KGM Global, Inc.*, No. 2:14-cv-06566 and *Telebrands v. Beach Sales & Engineering LLC, et al.*, No. 2:14-cv-07199; and the following declaratory judgment action filed in the Northern District of Ohio, Eastern Division on November 14, 2014 before the Honorable Christopher A. Boyko, U.S.D.J.: *Beach Sales & Engineering LLC v. Telebrands Corp.*, No. 1:14-cv-02516-CAB.

## **LOCAL CIVIL RULE 201.1 CERTIFICATION**

Pursuant to Local Civil Rule 201.1, Telebrands, through its attorneys, certifies that the above captioned matter is not subject to compulsory arbitration.