Arthur M. Peslak, Esq.
Gertner Mandel & Peslak, LLC
PO Box 499
Lakewood, NJ 08701
Tel: 732-363-3333
Fax: 732-363-3345

Michael N. Cohen, Esq. (*pro hac vice*)
Cohen IP Law Group, P.C.
9025 Wilshire Blvd., Suite 301
Beverly Hills, CA 90211
Tel: 310-288-4500
Fax: 310-246-9980

Attorneys for Defendant,
MOPNADO

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TELEBRANDS CORP., <br><br> Plaintiff, <br><br> v. <br><br> A-THREAD APPAREL, LLC, a Delaware limited liability company; Erroneously Sued as MOPNADO, <br><br> Defendants. | Civil Action No. 2:14-CV-07969-JLL-JAD |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

# TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………………….…………i

TABLE OF AUTHORITIES…………………………………………….….……..ii

I. MOPNADO.COM IS NOT INTERACTIVE NOR HAS DEFENDANT CONDUCTED ANY SALES WITH CUSTOMERS IN NEW JERSEY…….……1

    1. Mopnado Has Not Purposefully Directed Its Activities to the Forum……………………………………………………………………….2

II. JURISDICTION IN NEW JERSEY DOES NOT COMPORT WITH FAIR PLAY AND SUBSTANTIAL JUSTICE BECAUSE MOPNADO DID NOT CHOOSE TO DO BUSINESS IN NEW JERSEY…………………………….….. 5

    1. New Jersey is not the Proper Forum Because Any Alleged Acts Took Place In California……………………………………….……...6

    2. The Convenience of the Parties and the Witness, as well as the Public Interest Weighs In Favor of the Defendant………………...............……7

CONCLUSION…………..…………………………………………..………..….8

# TABLE OF AUTHORITIES

## Case Law

Foreign Candy Co. v. Tropical Paradise, Inc., 950 F. Supp. 2d 1017, 1028 (N.D. Iowa 2013)……………………………………………………..…..2

Zippo Mfg. Co. v. Zippo DOT Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)…………………………………………………...……...3

Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. N.J. 2003)….….4

3M Co. v. Mohan, Civil No. 09-1413 (ADM.FLN), 2010 WL 786510 at *3 (D. Minn. Mar. 5, 2010)……………………………………………....5

Newtechbio Inc. v. Septicleanse, Inc., No. 12-5882, 2013 WL 3271001 (D.N.J. June 27, 2013)………………………………………………..…….5

Telebrands Corp. v. martFIVE, LLC, 2013 U.S. Dist. LEXIS 124420 at *22 (D.N.J. Aug. 30, 2013)……………………………………..…….6

Defendant, A-THREAD APPAREL, LLC, a Delaware limited liability company erroneously sued as MOPNADO (hereinafter "Defendants" or "Mopnado") hereby submits its reply to Plaintiff's Opposition to Defendant's motion to dismiss for lack of personal jurisdiction, to transfer for improper venue or to transfer for convenience.

I. **MOPNADO.COM IS NOT INTERACTIVE NOR HAS DEFENDANT CONDUCTED ANY SALES WITH CUSTOMERS IN NEW JERSEY**

Plaintiff's Opposition repeatedly claims that Mopnado operates an "interactive website" and sells the allegedly infringing product "via Mopnado's interactive website." (Dkt. 19 at 1, 4, 5-8, 11-15, 18). As explained below, Plaintiff is misconstruing the facts. Plaintiff alleges falsely that "there have been sales of the infringing product in the forum via defendant's interactive website [www.mopnado.com]." (Dkt. 19 at 8). Defendant's website, www.mopnado.com is incapable of conducting any direct sales. Any consumers attempting to purchase a product will be transferred to a 3rd party website, www.amazon.com. As Plaintiff even stated in a declaration, a Telebrands employee purchased a mopnado item through Amazon.com. *See* (Dkt. 19-3, ¶6). Therefore any allegations that any sales with customers in the forum state are via www.mopnado.com are false.

Furthermore, Mopnado's website is not "interactive" where it would be subject to personal jurisdiction in New Jersey. The Third Circuit uses a three-part

test to determine if personal jurisdiction is proper for internet contacts. "(1) the defendant must have purposefully directed his activities to the forum; (2) the plaintiff's claim must arise out of or relate to at least one of those specific activities; and (3) the assertion of jurisdiction must otherwise comport with fair play and substantial justice. "*Foreign Candy Co. v. Tropical Paradise, Inc.*, 950 F. Supp. 2d 1017, 1028 (N.D. Iowa 2013); (citing *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008)).  "[W]here a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise personal jurisdiction." *Zippo Mfg. Co. v. Zippo DOT Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).

### 1. Mopnado Has Not Purposefully Directed Its Activities To The Forum

As stated in an earlier filed declaration, Mopnado has no connection with the State of New Jersey. (Dkt. 15-2 at 5). Mopnado does not deliberately target New Jersey with respect to its products, advertising, or physical or online marketing. (Dkt. 15-2 at 6). Mopnado has not and has never been licensed to do business in the state of New Jersey. (Dkt. 15-2 at 7).  Mopnado has never traveled to New

Jersey. (Dkt. 15-2 at 8). Mopnado has never directly sold or shipped anything to New Jersey. (Dkt. 15-2 at 9). Therefore, this prong favors the Defendant.

Furthermore, Plaintiff incorrectly alleges that mopnado.com is at the extreme end of the *Zippo* sliding scale, in which it features online purchasing. (Dkt. 19, at 13). Here, Mopnado's website is nothing more than a provider of information about Mopnado's product, this information includes a link to amazon.com for a customer to make a purchase. Even though the website contains links that are titled "store" and "shopping cart," interested customers are <u>unable to purchase any</u> products through mopnado.com or operate the "shopping cart" feature. Customers who attempt to purchase products through mopnado.com are directed to amazon.com.

Mopnado.com does not have any interactive features that would classify it as an interactive website. Prospective customers do not exchange payment information through mopnado.com, nor does mopnado.com target anyone in any particular state, including New Jersey. The only portion of mopnado.com that is beyond the provider of information, is the ability to sign up for a mopnado.com newsletter- in order to get *more* information.

Plaintiff's opposition incorrectly alleges that a "consumer does not have to take any extra steps to arrive at Mopnado's Amazon storefront; Mopnado does it all." (Dkt. 19 at 10). This is false. A customer can purchase any mopnado product

3

by visiting amazon.com directly, without visiting *or even having knowledge* of Defendant's website, mopnado.com. As stated in an earlier filed declaration, "[r]egarding Mopnado products sold through Amazon, the Amazon corporation is in total control of warehousing, sales, and shipping. Mopnado has no control over where Amazon warehouses, sells, or ships its products." (Dkt. 15-2 at 11). Therefore, Plaintiff's assertion that "Mopnado does it all" fails.

Furthermore, in the alternative scenario where Defendant's website is deemed "interactive" "[t]he mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world. Rather, there must be evidence that the defendant "purposefully availed" itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 454 (3d Cir. N.J. 2003). Therefore, Plaintiff's opposition fails.

Case law cited by Plaintiff is not applicable as it is not binding on this district, and in some cases misleading. For example, Plaintiff uses *3M Co. v. Mohan,* Civil No. 09-1413 (ADM.FLN), 2010 WL 786510 at *3 (D. Minn. Mar. 5, 2010) as precedent that the court has found personal jurisdiction where Defendant did business over the internet…via amazon.com. (Dkt. 19 at 12). Firstly, the citation is incorrect, as it is linked to the order, not the decision. The correct

4

citation through lexis is: *3M Co., (ADM/FLN) v. Mohan*, 2010 U.S. Dist. LEXIS 20323, at *8 (D. Minn. Feb. 18, 2010). This case is distinguished from *Mohan*, as the court ruled against the Defendant because "he created a website that allowed customers to 1) browse products online, 2) select items to purchase, 3) direct that the products be shipped to Minnesota by selecting Minnesota from a drop-down menu listing U.S. states, and 4) pay for the products online via a credit card." *3M Co., (ADM/FLN) v. Mohan*, 2010 U.S. Dist. LEXIS 20323, at *7 (D. Minn. Feb. 18, 2010). Unlike *Mohan*, Mopnado did not operate a website that controls the shipping or take credit card information. Therefore, the court should not find this authority from another district persuasive.

II. **JURISDICTION IN NEW JERSEY DOES NOT COMPORT WITH FAIR PLAY AND SUBSTANTIAL JUSTICE BECAUSE MOPNADO DID NOT CHOOSE TO DO BUSINESS IN NEW JERSEY.**

As stated above, and in Defendant's motion to dismiss (Dkt. 15) Defendant did not choose to do any business in New Jersey, and any allegations that Defendant does so is false. Plaintiff begins its argument that hauling a California company into a New Jersey court comports with the traditional notions of fair play and substantial justice by citing *Newtechbio Inc. v. Septicleanse, Inc.*, No. 12-5882, 2013 WL 3271001 (D.N.J. June 27, 2013), a case that begins with "**NOTICE:** NOT FOR PUBLICATION." *Newtechbio, Inc. v. Septicleanse, Inc.*,

No. 12-5882, 2013 LEXIS 90420 at *1 (D.N.J. June 26, 2013). Accordingly, the Plaintiff's argument that maintains personal jurisdiction is proper should be deemed deficient of legal authority, and ignored.

### 1. New Jersey is not the Proper Forum Because Any Alleged Acts Took Place in California

Plaintiff cites *Telebrands Corp. v. martFIVE, LLC*, "intellectual property infringement occurs, among other places, where any allegedly infringing articles are sold. For example, patent infringement is defined in 35 U.S.C. § 271. The three acts of direct patent infringement are: (1) making; (2) using; and (3) selling the claimed invention without authority of the patent owner." *Telebrands Corp. v. martFIVE, LLC*, 2013 U.S. Dist. LEXIS 124420 at *22 (D.N.J. Aug. 30, 2013). Defendant denies that any alleged infringement took place. However, if any of the three above acts took place, they would have all taken place in California or China, not New Jersey. Mopnado.com is operated in Los Angeles, it is registered in Los Angeles, the principal place of business is in Los Angeles, and any alleged sales that take place, would take place in Los Angeles. Therefore, Plaintiff's argument fails, and California is the proper venue for this action.

## 2. The Convenience of the Parties and The Witness, as well as the Public Interest Ways in Favor of the Defendant

Plaintiff maintains that New Jersey is more convenient for the parties because Plaintiff filed numerous similar law suits in New Jersey. This should not be considered as persuasive reasoning. The merits of the other lawsuits have yet to be determined. It could very well be a strategic decision to favor settlement by forcing innocent parties to travel across the country to litigate. Additionally, Defendant asks the Court to consider its full argument on this matter argued in its motion to dismiss.

## CONCLUSION

Since the Court lacks personal jurisdiction over Defendant Mopnado, the case must be dismissed. Alternatively, the case must be transferred to the Central District of California.

Dated: March 9, 2015           By:/s/Arthur M. Peslak

Arthur M. Peslak, Esq.
Gertner Mandel & Peslak, LLC
PO Box 499
Lakewood, NJ 08701

Michael N. Cohen, Esq.
(*pro hac vice*)
Cohen IP Law Group, P.C.
9025 Wilshire Blvd., Suite 301
Beverly Hills, CA 90211
Attorneys for Defendant,
MOPNADO